Dustin Dean
Reg No. 13218-087
P.O. Box 1600, 4B
Butner FMC
Butner, NC 27509

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAY 0 9 2016

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| Dustin Dean, Defendant/Petitioner, | No. CR 11-02011-WJ No. CIV 16-00289-WJ-LAM |
|---|---|
| v. | MOTION TO CURE DEFICIENCY |
| United States of America, Plaintiff/Respondent. | Pursuant to 28 U.S.C. 2255 and 28 U.S.C. 1651 |

## MOTION TO CURE DEFICIENCY

COMES NOW, Dustin Dean, a layman, in his own capacity in the above entitled matter pursuant to Haines v. Kerner, 404 US 519 (1972).

"Courts interpret pro se petitions for post conviction relief liberally" pursuant to Hohn v. U.S. 262 F.3d 811 (8th Cir. 2001).

The Supreme Court has held that "... the court shall not "abridge, enlarge nor modify substantive right" in the guise of regulating procedure." Sibbach v. Wilson, 312 US 1, 85 L.Ed. 479, 61 S.Ct. 422 (1941).

Petitioner incorporates all previous filings as referenced herein.

## FACTS OF THE CASE

1 of 5

On July 27, 2011, Petitioner was indicted and charged with 1 count of 18 U.S.C. 922(g)(1) and 1 count of 18 U.S.C. 924(a)(2): Felon in possession of firearms and ammunition. See Docket 4.

On April 25, 2012, Petitioner entered into a plea agreement with the government. See Docket 30.

On August 27, 2012, Petitioner was sentenced to fifteen years, the mandatory minimum, for the aforementioned counts and was also designated as career offender under the Armed Career Criminal Act. See Dckt 32.

On June 26, 2015, the Supreme Court decided Johnson v. United States, 135 S. Ct. 2551 (2015), holding that the Armed Career Criminal Act (ACCA) residual clause, i.e., the provision that defines a "violent felony" to include an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. 924(e)(2)(B)(ii), is vague in every application and, therefore, imposing an increased ACCA sentence under the residual clause violates the Constitution's guarantee of due process.

2255 Motions Deadlines under Johnson

The Supreme Court in Dodd v. U.S., 545 US 343, 162 L.Ed.2d. 343, 345, 125 S.Ct. 2478 (2005), the one

one year limitation period for a federal prisoner's motion for relief from a sentence under 28 U.S.C. 2255(f)(3) and 2255(h)(2), on the basis of a newly recognized right begins to run when the right asserted was initially recognized, rather than when the right is made retroactive. This time limitation period applies to all 2255 motions, the initial as well as second and successive petitions. Petitioner is timely with his motion.

In Welch v. U.S., (No. 15-6418) (S.Ct. April 18, 2016), the Supreme Court held that Johnson v. U.S., supra decision is retroactively applicable on collateral review. These two cases allow Petitioner to challenge his ACCA sentence regardless of how long their case has been final.

In U.S. v. Soto-Rivera, App. No. 14-1216 (1st Cir. 2016), after pleading guilty to illegally possessing a firearm and ammunition (a machine gun) defendant's sentencing as a Career Offender because he committed a crime of violence as defined by the U.S.S.G., was vacated where being a felon in possession of a firearm in violation of 18 U.S.C. section 922(g)(1) (Same as Petitioner) is not a crime of violence under the Career Offender provisions in U.S.S.G. section 4B1.2(a).

## GROUNDS FOR MOTION

**Ground One:** Predicate offenses are now <u>not</u> considered serious drug or violent felonies.

Previous offenses were not "serious drug offenses", and did not carry more than 10 year sentences of incarceration. Also, Johnson supra and Welch were not decided at that time.

**Ground Two:** The residual clause has been deemed unconstitutionally vague.

The U.S. Supreme Court has determined that the ACCA is now constitutionally vague.

**Ground Three:** Johnson supra, was recently made retroactive. See Welch supra.

All circuits are now honoring both cases and providing relief.

## RELIEF SOUGHT

Petitioner requests this Honorable Court to resentence Petitioner under the new 10 year maximum sentence and adjust the remaining sentence of Petitioner as appropriate and any other relief to which Petitioner may be entitled.

Respectfully submitted,

By: _____ 5/4/16
    Dustin Dean        Date

## CERTIFICATE OF SERVICE

I, Dustin Dean, do certify that I placed a true and correct copy of "Motion to Cure Deficiency", on May 4, 2016 in the U.S. Mail first class postage prepaid which is deemed filed when placed in the hands of prison officials for forwarding pursuant to the Mailbox Rule, Houston v. Lack (1988), 101 L. Ed. 2d 245 (1988) and mailed to: The Clerk of Court, Pete Domenici U.S. Courthouse, 333 Lomas Blvd., N.W., Suite 270, Albequerque, NM 87102.

## JURAT

I, Dustin Dean, pursuant to 28 U.S.C. 1746, do certify, and swear to under penalty of perjury, that all statements contained herein are true and correct to the best of my belief and knowledge.

By: _____ 5/4/16
    Dustin Dean        Date

Dustin Dean #13218-051

Name: 
Number: 4-13218-051

Federal Medical Center
P.O. Box 1600
Butner, NC 27509

RECEIVED
At Albuquerque NM
MAY 09 2016
MATTHEW J. DYKMAN

RALEIGH NC 275
Research Triangle Region
05 MAY 2016 PM 5 L

8710222747O

MATT~~~~ DYKMAN
~~13218~~-051
Clerk Of Court
333 Lomas BLVD NW
Suite 270
Albuquerque, NM 87102
United States

LEGAL MAIL
Houston V. Lack (1988)