IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff/Respondent,**

**v.**　　　　　　　　　　　　　　　　No. CV 16-0289 WJ/LAM
　　　　　　　　　　　　　　　　　　　　CR 11-2011 WJ

**DUSTIN DEAN,**

      **Defendant/Movant.**

## ORDER FOR SUPPLEMENTAL BRIEFING

**THIS MATTER** is before the Court *sua sponte*. On April 28, 2016, Defendant/Movant (hereinafter "Defendant") filed a *pro se* § 2255 motion [*Doc. 5*].[1] On May 4, 2016, attorney D. Eric Hannum was appointed as counsel for Defendant pursuant to Administrative Order 16-MC-00004-19 (March 25, 2016). On June 3, 2016, Plaintiff/Respondent (hereinafter "the Government") filed a response to Defendant's § 2255 motion [*Doc. 9*]. Defendant has not filed a reply, and the time for doing so has passed.

In his § 2255 motion, Defendant appears to contend that his sentence is unconstitutional pursuant to the United States Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See* [*Doc. 5* at 4-6]. In *Johnson*, the Supreme Court decided that the residual clause of the Armed Career Criminal Act ("ACCA") denies fair notice to defendants and invites arbitrary enforcement by judges, and, therefore, "violates the Constitution's guarantee of due process." *Johnson*, 135 S.Ct. at 2563. The decision in *Johnson*, however, "does not call into

---

[1] Hereinafter, all documents from Case No. CIV-16-0289 cited in this decision will be designated as "*Doc.*" followed by their docket number.

question application of the [ACCA] to the four enumerated offenses, or the remainder of the [ACCA's] definition of a violent felony." *Id.* Here, Defendant does not specify which of his predicate offenses fall under the residual clause thereby triggering the holding in *Johnson*. The Court further notes that Defendant's counsel was appointed subsequent to the filing of Defendant's *pro se* motion and did not file a reply to the Government's response, so the Court does not have the benefit of defense counsel's position. Therefore, the Court will order Defendant, through counsel, to file an amended § 2255 motion, in which he must state which of his predicate convictions he contends fall under the residual clause so that the *Johnson* decision applies to his case.

In response to Defendant's § 2255 motion, the Government states that Defendant's predicate convictions are for Commercial Burglary, Aggravated Battery, Attempted Armed Robbery, and Residential Burglary, which the Government contends are still valid predicate convictions under the ACCA after the *Johnson* decision. [*Doc. 9* at 1-2]. The Government states that none of these convictions "were pure residual clause predicates in the first place," and that "[t]he burglary offenses were within the purview of the enumerated clause, and the aggravated battery and attempted armed robbery offenses fell within the force clause." *Id.* at 2. The approach the Court must employ to determine whether or not a felony is a "violent felony" within the meaning of the ACCA requires the Court to examine the elements of the offense. *See, e.g., Johnson v. United States*, 559 U.S. 133, 135 (2010). The Government's bald assertion that these offenses fall within the enumerated and force clauses, without identifying the statutes or their elements, is inadequate to support its contention that these convictions are still valid predicate convictions under the ACCA. Therefore, the Court will require the Government to respond to Defendant's amended § 2255 motion and to include in its response legal support for any arguments

2

it makes regarding the convictions Defendant contends are no longer sufficient to support his ACCA-enhanced sentence. If necessary, the Government shall consider and address the Government's position in other cases involving New Mexico's robbery and attempted battery statutes. *See, e.g.*, *United States v. Sanchez*, 13-CR-961, 16-CIV-659 [*Doc. 10* at 3-4] (stating that the Government concedes that New Mexico's robbery statute does not qualify as an ACCA violent felony, and asking the Court to stay the case pending the Tenth Circuit's decision that may affect the defendant's conviction for aggravated battery), and *United States v. Garcia*, 07-CR-788, 16-CIV-240 [*Doc. 17*] (stating that the Government concedes that New Mexico's robbery statute is not a violent felony for purposes of the ACCA).

**IT IS THEREFORE ORDERED** that Defendant shall file an amended § 2255 motion no later than **September 12, 2016**.

**IT IS FURTHER ORDERED** that the Government shall file a response to the amended § 2255 motion within the time period set forth in Local Rule 7.4(a). Defendant may file a reply within the time period set forth in that rule as well.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**