IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

v.                                    No.    CV 16-0289 WJ/LAM
                                                  CR 11-2011 WJ

DUSTIN DEAN,

        Defendant/Movant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on Defendant/Movant's (hereinafter "Defendant")

Amended § 2255 Motion [*Doc. 12*],[2] filed on September 1, 2016. Plaintiff/Respondent

(hereinafter "the Government") filed a response on September 14, 2016 [*Doc. 13*], and Defendant

filed a reply on September 22, 2016 [*Doc. 14*]. United States District Judge William P. Johnson

referred the claims raised in this case to the undersigned for proposed findings and a recommended

disposition, and a hearing, if necessary. [*Doc. 3*]. Having considered the amended motion,

response, reply, relevant law, and the record in this case and in Defendant's underlying criminal

---

[1] **Within fourteen (14) days after a party is served with a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**

[2] Hereinafter, all documents from Case No. CIV-16-0289 cited in this decision will be designated as "*Doc.*" followed by their docket number, and all documents from Case No. CR-11-2011 cited in this decision will be designated as "*Cr.Doc.*"

case contained in Case No. CR-11-2011, the undersigned recommends, for the reasons set forth below, that Defendant's Amended § 2255 motion [*Doc. 12*] be **DENIED** and this case be **DISMISSED with prejudice**.

### Factual and Procedural Background

On April 25, 2012, pursuant to a Plea Agreement [*Cr.Doc. 25*], Defendant pled guilty to an Indictment [*Cr.Doc. 4*] charging him with one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).   Defendant states that he was subject to an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), which mandates a minimum sentence of 180 months (15 years).   *See* [*Doc. 12* at 2-3]. The Presentence Report ("PSR") prepared for Defendant's criminal case identified three prior violent felony convictions as a basis for the ACCA enhancement, which were commercial burglary, residential burglary, and attempted armed robbery.   *See* [*Doc. 10* at 9, ¶ 29].   In addition, the PSR notes that Defendant also has a felony conviction for aggravated battery.   *See id.* at 11, ¶ 37.   On August 27, 2012, the presiding judge imposed a 180-month sentence, with 3 years of supervised release.   *See* [*Cr.Doc. 32* at 2-3].

In his § 2255 motion, Defendant concedes that his two burglary convictions count as violent felony convictions under the ACCA, but contends that his prior convictions for attempted armed robbery and for aggravated battery do not qualify as convictions for a crime of violence under the ACCA because the New Mexico statutes for these crimes do not require the sort of force that is required under the force clause of 18 U.S.C. § 924(e)(2)(B)(i).   [*Doc. 12* at 3].[3]   Defendant asks the Court to vacate his ACCA sentence and resentence him.   *Id.* at 12.

---

[3] Defendant concedes that his convictions for residential and commercial burglary count as violent felonies under the ACCA (*see Doc. 12* at 3 and *Doc. 14* at 1, n.1), and the Government sets forth arguments in its response brief contending that both of these convictions are violent felonies under the ACCA (*see Doc. 13* at 2-5).   However, in other cases, the undersigned has found that commercial burglary may not be used as an ACCA-predicate offense under

**Discussion**

Under the ACCA, an individual who violates § 922 (g) (*e.g.*, being a felon in possession of a firearm or ammunition), and who has "three previous convictions . . . for a violent felony or a serious drug offense," will receive a mandatory, minimum 15-year sentence.   18 U.S.C. § 924(e). The statute defines the term "violent felony" as:

> [A]ny crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
>
> > (i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> >
> > (ii)    is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another* . . . .

18 U.S.C. § 924(e)(2)(B)(i)-(ii) (emphasis added).   The emphasized clause is referred to as the "residual clause," and in *Johnson v. United States* the Supreme Court held that the residual clause "denies fair notice to defendants and invites arbitrary enforcement by judges," and, therefore, violates the due process clause of the Constitution.   135 S.Ct. 2551, 2557 (2015) ("*Johnson 2015*").

Now that the residual clause has been found to be unconstitutional, the Court must determine whether Defendant's prior convictions supporting his ACCA-enhanced sentence satisfy the definition of "violent felony" under the remaining clauses of the ACCA.   Since Defendant's

---

the enumerated clause.  *See United States v. Barela*, No. 16-CIV-339 JAP/LAM (Doc. 19) (finding that commercial burglary may not be used as an ACCA-predicate offense under the enumerated clause), and *United States v. Luna*, No. 16-CIV-343 MV/LAM (Doc. 16) (finding that commercial burglary may not be used as an ACCA-predicate offense under the enumerated clause, but that residential burglary may be used for such purpose).  The Court finds *infra* that Defendant's prior convictions for attempted armed robbery and aggravated battery are violent felonies under the ACCA.  Since these two prior convictions, along with Defendant's prior conviction for residential burglary, constitute three prior violent felony convictions necessary for an ACCA-enhanced sentence, the Court finds it unnecessary to reach the issue of whether or not Defendant's conviction for commercial burglary may be used as an ACCA-predicate offense in light of the Court's prior decisions on this issue.

convictions for attempted armed robbery and aggravated battery are not enumerated offenses under § 924(e)(2)(B)(ii), the Court must consider whether they fall under the "force" clause under § 924(e)(2)(B)(i).   In *Johnson v. United States*, 559 U.S. 133, 140 (2010) ("*Johnson 2010*"), the Supreme Court held that the term "physical force" in § 924(e)(2)(B)(i) must be "strong physical force," "a substantial degree of force," or "*violent* force -- that is, force capable of causing physical pain or injury to another person."   559 U.S. at 140 (emphasis in original) (finding that Florida's battery statute, which only required intentional physical contact, no matter how slight, did not constitute "physical force" under § 924(e)(2)(B)(i)).   In addition, to determine whether a prior conviction qualifies under the ACCA, the court will ordinarily apply what is called the categorical approach, which looks only at the elements of the statute under which the defendant was convicted.  *See Johnson 2015*, 135 S.Ct. at 2557.   However, in cases where a particular offense contains multiple elements listed in the alternative, a sentencing court may employ a modified categorical approach and examine a limited set of materials, including the terms of the charging document, to determine which alternative elements formed the basis of the defendant's conviction. *See Mathis v. United States*, 136 S.Ct. 2243, 2249 (2016).   Therefore, in evaluating whether Defendant's prior convictions for attempted armed robbery and aggravated battery constitute violent felonies under the force clause of the ACCA, the Court must determine whether these state statutes prohibit conduct that "has as an element the use, attempted use, or threatened use of" violent force against the person of another, as that force is defined in *Johnson 2010*.

### A.      *Attempted Armed Robbery*

Defendant contends that his prior conviction for attempted armed robbery under N.M.S.A. § 30-16-2 does not satisfy the criteria for a violent felony under the force clause.   [*Doc. 12* at 4]. Defendant contends that New Mexico robbery does not meet the level of force proscribed in

*Johnson 2010* because, under New Mexico law, the use or threatened use of force "must be the lever that separates the thing of value from the victim," and "'[t]he amount or degree of force is not the determinative factor.'"   *Id.* at 6 (quoting *State v. Martinez*, 1973-NMCA-120, ¶ 4, 85 N.M. 468, 513 P.2d 402).   Defendant relies on both the Committee Commentary for New Mexico's jury instruction for robbery, UJI 14-1620 N.M.R.A., which states that "[t]he amount of force is immaterial" for a robbery conviction, and on *State v. Curley*, 1997-NMCA-038, ¶ 10, 123 N.M. 295, 939 P.2d 1103, which held that the force necessary to commit robbery in New Mexico must only be enough to overcome the "resistance of attachment."   *See id.*   Defendant also relies on New Mexico cases holding that the force necessary for New Mexico robbery includes: snatching an article, such as a pin, from a person's clothing; jostling a person in order to divert his attention; grabbing a purse and taking it after struggling with the person so that the purse strap breaks; grabbing a victim and locking her in a cell; and shoving a person's shoulder.   *See id.* at 6-7 (citations omitted).   Defendant, therefore, contends that the least amount of force necessary to commit New Mexico robbery is less than the "strong physical force," "substantial degree of force," or "*violent* force -- that is, force capable of causing physical pain or injury to another person," that is required by the holding in *Johnson 2010*.   *See id.* at 7 (quoting *Johnson 2010*, 559 U.S. at 140).   Defendant also contends that the Court should not rely on the Tenth Circuit case of *United States v. Lujan*, 9 F.3d 890 (10th Cir. 1993), which stated that § 30-16-2 satisfied the force clause in § 924(e)(2)(B)(i), because *Lujan* was decided long before *Johnson 2010*, and because the Tenth Circuit in *Lujan* did not discuss this issue and, instead, merely stated in passing that the force was sufficient.   *See id.* at 8-9.

In response, the Government notes that it has conceded in other cases that robbery convictions do not satisfy the force clause under the ACCA.   *See* [*Doc. 13* at 5] (citing

*United States v. Garcia*, No. 16-CIV-240 JB/LAM and *Untied States v. Sanchez*, No. 16-CIV- 659 JAP/GBW).   However, the Government contends that those concessions "have no bearing on the instant conviction" because those defendants were convicted of "plain third degree robbery[ whereas] here, [Defendant] was convicted of attempted armed robbery, which is a separate subsection of New Mexico's robbery statute NMSA § 30-16-2." *Id.*   The Government contends that the additional element in armed robbery -- proof of being armed with a deadly weapon -- "is an offense that does rise to the level of sufficient force to be a violent felony." *Id.* at 5-6.   The Government contends that "[t]he presence of a deadly weapon during the course of a robbery or attempted robbery suggests that there is at least a threat of sufficient physical force towards the person of another to count as a predicate," and, therefore, "armed robbery requires more force than simple robbery." *Id.* at 6.   The Government contends that being armed with a deadly weapon meets the violent force standard in *Johnson 2010* because "armed force is a 'strong physical force,' 'a substantial degree of force,' and a 'violent force - that is force capable of causing physical pain or injury to another person.'" *Id.* at 6-7 (quoting *Johnson 2010*, 559 U.S. at 140).

In his reply, Defendant contends that the Government improperly relied on Defendant's PSR for its contention that his attempted armed robbery conviction satisfies the ACCA's force clause. *See* [*Doc. 14* at 2-3].   Defendant contends that, under the modified categorical approach, the Court can only consult a limited class of documents, such as the indictment, jury instructions, or plea agreement and colloquy, to determine the offense for which Defendant was convicted. *See id.* at 2.   Defendant contends that the PSR is not one of the records upon which the Court may rely, and that, based on only "the bare bones name of the offense itself," "[i]t is not clear on this record whether the 'attempt' applies to the underlying element of being 'armed with a deadly

weapon,' or to the element of 'theft,' or to the 'use or threatened use of force or violence,' or to all

of these."   *Id.* at 3.   Defendant, therefore, contends that "[Defendant's] conviction for attempted

armed robbery is not demonstrably a 'violent felony' under the ACCA."   *Id.* (citation omitted).

Defendant was convicted of Attempted Armed Robbery, contrary to N.M.S.A. 1978

§§ 30-28-1 and 30-16-2.   *See* [*Doc. 13-1* at 1].   New Mexico's robbery statute states:

> Robbery consists of the theft of anything of value from the person of
> another or from the immediate control of another, by use or
> threatened use of force or violence.
>
> Whoever commits robbery is guilty of a third degree felony.
>
> Whoever commits robbery while armed with a deadly weapon is,
> for the first offense, guilty of a second degree felony and, for second
> and subsequent offenses, is guilty of a first degree felony.

N.M.S.A. § 30-16-2.   New Mexico's attempt statute states: "Attempt to commit a felony consists

of an overt act in furtherance of and with intent to commit a felony and tending but failing to effect

its commission."   N.M.S.A. § 30-28-1.   Recently, the Tenth Circuit has found that Colorado's

robbery statute matches the level of force required by *Johnson 2010* because the Colorado

Supreme Court has held that "force or fear is the main element of the offense of robbery," and that

"the offense of robbery, whether committed by actual force, or by constructive force, i.e., threats or

intimidation, is a crime involving the use of force or violence."   *United States v. Harris*,

844 F.3d 1260, 1269 (10th Cir. 2017) (citations, internal quotation marks, and brackets omitted).

Relying on *Harris*, a District Judge in this Court found that New Mexico's robbery statute also

requires sufficient force under *Johnson 2010* to constitute a violent felony under the ACCA.   *See*

*Garcia*, No. 16-CIV-240 JB/LAM (Doc. 37 at 55-57).   The Court in *Garcia* states that it "does not

think the Supreme Court of New Mexico disagrees that the force requisite to suffice robbery in

New Mexico entails physical, violent force or threat of such force."   *Id.* at 56.   The Court in

*Garcia* relies on the New Mexico Supreme Court case of *State v. Bernal*, which construed the difference between larceny and robbery in New Mexico, and found that, because "robbery generally carries a heavier punishment than larceny, the robbery statute clearly is designed to protect citizens from violence."   *See id.* (quoting *Bernal*, 2006-NMSC-050, ¶ 28, 140 N.M. 644, 146 P.3d 289).   Therefore, the Court states that it "can see no sound reason to depart from the Tenth Circuit's analysis and conclusions in *United States v. Harris*."   *Id.* at 57.

Based on the foregoing, it appears that New Mexico's third degree robbery statute may require sufficient force under *Johnson 2010* to constitute a violent felony under the ACCA. However, in *Garcia*, the Court notes that "the Colorado Supreme Court appears to have given the Tenth Circuit more to work with than has the Supreme Court of New Mexico," and that "[t]he Court would have liked more guidance from *State v. Bernal*, particularly."   *Id.* at 57 (also noting that "*United States v. Harris* garnered a concurrence from Circuit Judge Ebel regarding whether Colorado robbery by means of threat or intimidation requires proof of the same or greater force than the ACCA requires for a violent felony") (citation and internal quotation marks omitted). Moreover, Defendant relies on the Committee Commentary to New Mexico's robbery's jury instruction, as well as New Mexico Court of Appeals cases, which state that the amount of force under New Mexico's robbery statute is immaterial and just has to be enough to overcome the resistance of attachment.   *See* [*Doc. 12* at 6] (citing, *inter alia*, UJI 14-1620, N.M.R.A.; *Martinez*, 1973-NMCA-120, ¶ 4; and *State v. Curley*, 1997-NMCA-038, ¶ 10).   Nevertheless, since Defendant was convicted of attempted *armed* robbery, the Court finds that Defendant's conviction satisfies the *Johnson 2010* definition of physical force under the ACCA.   New Mexico's robbery statute defines the three separate crimes of robbery -- for first degree, second degree, and third degree felonies -- by listing elements in the alternative.   *See* N.M.S.A. § 30-16-2.   Because this is

Case 1:16-cv-00289-WJ-LAM   Document 15   Filed 02/24/17   Page 9 of 13


a divisible statute, the Court should employ the modified categorical approach to determine under which element of the crime Defendant was convicted.  *See Mathis*, 136 S. Ct. at 2249 and 2256 (explaining that "divisible" statutes are those that "list elements in the alternative, and thereby define multiple crimes," and later instructing that "[i]f statutory alternatives carry different punishments, then under *Apprendi* they must be elements").  Here, the Court is able to determine that Defendant was convicted of attempted armed robbery.  *See* [*Doc. 13-1* at 1] (Judgment, Sentence and Commitment in Defendant's state court case stating that he was convicted of "Attempted Armed Robbery, contrary to Section 30-28-1 & 30-16-2, N.M.S.A. 1978"). Therefore, Defendant's conviction required proof of the element of being "armed with a deadly weapon" during commission of the offense.  *See* § 30-16-2.  The New Mexico Criminal Code defines "deadly weapon" as "any firearm, whether loaded or unloaded; or any weapon which is capable of producing death or great bodily harm."  *See* N.M.S.A. § 30-1-12(B).  The same statute sets forth the definition of "great bodily harm" as "an injury to the person which creates a high probability of death; or which causes serious disfigurement; or which results in permanent or protracted loss or impairment of the function of any member or organ of the body."  N.M.S.A. § 30-1-12(A).

Since a conviction for New Mexico armed robbery requires that the defendant be armed with a deadly weapon, the Court finds that this statute requires sufficient physical force to satisfy the definition in *Johnson 2010* of "force capable of causing physical pain or injury to another person."  The Court agrees with Defendant that under the modified categorical approach it cannot look beyond a limited class of documents, such as Defendant's charging documents, and, therefore, is precluded from relying on the facts underlying Defendant's conviction as set forth in the PSR.  *See* [*Doc. 14* at 2-3].  Nevertheless, the Court bases its finding solely on Defendant's

conviction for attempted armed robbery, and not on any information from the PSR.   In addition, the Court rejects Defendant's contention that his conviction for attempted armed robbery does not satisfy the force clause because it is not clear "whether the 'attempt' applies to the underlying element of being 'armed with a deadly weapon,' or to the element of 'theft,' or to the 'use or threatened use of force or violence,' or to all of these."   *Id.* at 3.   To the contrary, in order for Defendant to have been convicted of armed robbery under § 30-16-2, he had to have been armed with a deadly weapon while "commit[ting] robbery."   Therefore, the Court finds that a plain reading of the statute shows that Defendant was armed at the time of attempting to commit robbery.   Moreover, Defendant fails to cite any support for his contention that "'attempt' [can] appl[y] to the underlying element of being 'armed with a deadly weapon.'"   [*Doc. 14* at 3].   Finally, the Court notes that the ACCA's force clause provides that a violent felony may be one that "has as an element . . . the *attempted* use . . . of physical force against the person of another.   § 924(e)(2)(B)(i) (emphasis added).   Therefore, the Court finds that Defendant's attempted armed robbery conviction constitutes a violent felony under the force clause of the ACCA.

### 2.   *Aggravated Battery*

Next, Defendant contends that his conviction for aggravated battery does not meet the ACCA's force clause because the crime does not require the level of force set forth in *Johnson 2010*.   *See* [*Doc. 12* at 10-12].   Defendant contends that New Mexico's aggravated battery statute does not require actual application of violent force, or actual infliction of great bodily harm or death, and, instead, "requires merely that those things could have happened."   *Id.* at 12.

In response, the Government contends that New Mexico's aggravated battery statute is divisible because it provides different penalties and poses separate elements for each subsection.

*See* [*Doc. 13* at 7]. Applying the modified categorical approach, the Government states that Defendant was convicted of aggravated battery pursuant to N.M.S.A. § 30-3-5(C), which can be committed by: (1) causing great bodily harm, (2) using a deadly weapon, or (3) doing so in a manner whereby great bodily harm or death can be inflicted. *Id.* at 9. The Government contends that § 30-3-5(C) requires the use or threatened use of violent force that satisfies the ACCA's force clause, and relies on *United States v. Ramon-Silva*, 608 F.3d 663, 671 (10th Cir. 2010), which held that apprehension-causing assault satisfies the ACCA's violent felony provision. *Id.* at 10-11. The Government states that:

> It would be wholly illogical to depart from Tenth Circuit precedent finding the requisite violent force in cases involving assault with a dangerous weapon, and to not do so when there is an actual battery (with touching or application of force) with a deadly weapon or in a manner in which great bodily harm could result.

*Id.* at 11.

In reply, Defendant contends that the third alternative of § 30-3-5(C), which provides that aggravated battery can be committed "in any manner whereby great bodily harm or death can be inflicted," "presents the very sort of hazy and undefined boundaries that were found to be unconstitutionally vague in *Johnson* [*2015*]." [*Doc. 14* at 4]. Defendant contends that because New Mexico's aggravated battery statute relies on an indeterminate range of conduct, it has the same defect as the ACCA's residual clause which was found to be unconstitutional in *Johnson 2015*. *Id.*

New Mexico's aggravated battery statute provides:

> A. Aggravated battery consists of the unlawful touching or application of force to the person of another with intent to injure that person or another.
>
> B. Whoever commits aggravated battery, inflicting an injury to the person which is not likely to cause death or great bodily harm, but

> does cause painful temporary disfigurement or temporary loss or impairment of the functions of any member or organ of the body, is guilty of a misdemeanor.
>
> C.   Whoever commits aggravated battery inflicting great bodily harm or does so with a deadly weapon or does so in any manner whereby great bodily harm or death can be inflicted is guilty of a third degree felony.

N.M.S.A. 1978 § 30-3-5.   The alternative elements in this statute are separated into subsections B and C, wherein subsection B is a misdemeanor and subsection C is a third degree felony.   Because this statute is divisible into these elements, the Court may examine the state court documents that were used to convict Defendant in order to determine whether Defendant was convicted under subsection B or subsection C.   *See Mathis*, 136 S.Ct. at 2249 (describing the modified categorical approach).   Defendant was convicted of aggravated battery in violation of § 30-3-5(C).   *See* [*Doc. 13-1* at 1] (Judgment, Sentence and Commitment in Defendant's state case stating that he was convicted of "Aggravated Battery, contrary to Section 30-3-5(C) N.M.S.A. 1978").   To sustain a conviction under subsection C, Defendant must have engaged in unlawful touching or application of force to a person, with intent to injure that person or another, and either (1) inflicted great bodily harm; (2) used a deadly weapon; or (3) did so in any manner whereby great bodily harm or death could have been inflicted.   *See* § 30-3-5(A) and (C).   Again, the term "physical force" in § 924(e)(2)(B)(i) means "strong physical force," "a substantial degree of force," or "*violent* force -- that is, force capable of causing physical pain or injury to another person."   *Johnson 2010*, 559 U.S. at 140 (emphasis in original).   The Court finds that all three alternatives under § 30-3-5(C) satisfy this definition.   Obviously, if a defendant inflicts great bodily harm, the *Johnson 2010* definition is satisfied.   In addition, similar to the Court's finding *supra* regarding armed robbery, the use of a deadly weapon provides "force capable of causing physical pain or injury to another person."   Finally, the Court finds that the third alternative in subsection C sufficiently

12

tracks the language in *Johnson 2010* that physical force under the ACCA's force clause must be "capable of causing physical pain or injury to another person" (559 U.S. at 140), because it requires intent to injure as well as a touching or application of force that could inflict great bodily harm or death.   Therefore, the Court rejects Defendant's contention that the language in subsection C is vague in the same way as the ACCA's residual clause.

### Conclusion

For the reasons stated above, the Court finds that Defendant's convictions for attempted armed robbery and aggravated battery are proper ACCA-predicate offenses because they each meet the ACCA's force clause definition.

**IT IS THEREFORE RECOMMENDED**, for the reasons stated above, that Defendant's Amended § 2255 motion [*Doc. 12*] be **DENIED** and that this case be **DISMISSED with prejudice**.

**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**