# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

        **Plaintiff/Respondent,**

**v.**                          **No. CV 16-0289 WJ/LAM**
                                       **CR 11-2011 WJ**

**DUSTIN DEAN,**

        **Defendant/Movant.**

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Magistrate Judge Lourdes A. Martínez' ***Proposed Findings and Recommended Disposition*** *(Doc. 15)* [1] (hereinafter "PF&RD"), entered on February 24, 2017. On March 10, 2017, Defendant/Movant (hereinafter "Defendant") filed objections to the PF&RD. [*Doc. 16*]. The Government did not respond to Defendant's objections and the time for doing so has passed. The Court has conducted a *de novo* review of those portions of the PF&RD to which Defendant objects and finds that the objections are without merit. Accordingly, the Court will: (1) overrule the Defendant's objections as meritless; (2) adopt the PF&RD; (3) deny Defendant's § 2255 motion [*Doc. 12*]; and (4) enter a final judgment dismissing this case with prejudice.

### Background

As explained in the PF&RD, on April 25, 2012, pursuant to a Plea Agreement [*Cr.Doc. 25*], Defendant pled guilty to an Indictment [*Cr.Doc. 4*] charging him with one count of

---

[1] Hereinafter, all documents from Case No. CIV-16-0289 cited in this decision will be designated as "*Doc.*" followed by their docket number, and all documents from Case No. CR-11-2011 cited in this decision will be designated as "*Cr.Doc.*"

being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *See* [*Doc. 15* at 2]. Defendant states that he was subject to an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), which mandates a minimum sentence of 180 months (15 years). *See id.* and [*Doc. 12* at 2-3]. Defendant was subject to the ACCA based on felony convictions for commercial burglary, residential burglary, and attempted armed robbery. *See* [*Doc. 10* at 9, ¶ 29] (Defendant's Presentence Report, "PSR"). In addition, the PSR notes that Defendant has a felony conviction for aggravated battery. *See id.* at 11, ¶ 37. On August 27, 2012, the presiding judge imposed a 180-month sentence, with 3 years of supervised release. *See* [*Cr.Doc. 32* at 2-3]. In his § 2255 motion, Defendant concedes that his two prior burglary convictions count as violent felony convictions under the ACCA, but he contends that his prior convictions for attempted armed robbery and for aggravated battery do not qualify as convictions for a crime of violence under the ACCA pursuant to the holding of *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson 2015*"). *See* [*Doc. 12* at 3]. Specifically, Defendant contends that the New Mexico statutes for these crimes do not require the sort of force that is required under the force clause of 18 U.S.C. § 924(e)(2)(B)(i). *See id.*

As further explained in the PF&RD (*see Doc. 15* at 3), in *Johnson 2015*, the Supreme Court held that the residual clause of the ACCA, is unconstitutionally vague. 135 S. Ct. at 2557. The Magistrate Judge explained that, since "the residual clause has been found to be unconstitutional, the Court must determine whether Defendant's prior convictions [for attempted armed robbery and aggravated battery] satisfy the definition of 'violent felony' under the remaining clauses of the ACCA." [*Doc. 15* at 3]. As neither of those prior convictions is an enumerated offense under § 924(e)(2)(B)(ii), the Magistrate Judge considered whether they fell within the "force clause" under § 924(e)(2)(B)(i) (*see id.* at 3-4), and explained that the Supreme Court in *Johnson v. United*

*States*, 559 U.S. 133, 140 (2010) ("*Johnson 2010*") held that the term "physical force" in § 924(e)(2)(B)(i) must be "strong physical force," "a substantial degree of force," or "*violent* force -- that is, force capable of causing physical pain or injury to another person" (559 U.S. at 140, emphasis in original, finding that Florida's battery statute, which only required intentional physical contact, no matter how slight, did not constitute "physical force" under § 924(e)(2)(B)(i)).

With regard to Defendant's attempted armed robbery conviction, the Magistrate Judge explained that "[r]ecently, the Tenth Circuit has found that Colorado's robbery statute matches the level of force required by *Johnson 2010* because the Colorado Supreme Court has held that 'force or fear is the main element of the offense of robbery,' and that 'the offense of robbery, whether committed by actual force, or by constructive force, i.e., threats or intimidation, is a crime involving the use of force or violence.'" [*Doc. 15* at 7] (quoting *United States v. Harris*, 844 F.3d 1260, 1269 (10th Cir. 2017)). The Magistrate Judge further noted that, "[r]elying on *Harris*, a District Judge in this Court found that New Mexico's robbery statute also requires sufficient force under *Johnson 2010* to constitute a violent felony under the ACCA." *Id.* (citing *United States v. Garcia*, No. 16-CIV-240 JB/LAM (*Doc. 37* at 55-57)). The Magistrate Judge, therefore, found that "it appears that New Mexico's third degree robbery statute may require sufficient force under *Johnson 2010* to constitute a violent felony under the ACCA." [*Doc. 15* at 8]. In addition, the Magistrate Judge applied the modified categorical approach and determined that Defendant was convicted of attempted armed robbery, which requires proof of the element of being "armed with a deadly weapon" during the commission of the offense. *Id.* at 8-9 (quoting N.M.S.A. 1978 § 30-16-2). The Magistrate Judge noted that the New Mexico Criminal Code defines "deadly weapon" as "any firearm, whether loaded or unloaded; or any weapon which

is capable of producing death or great bodily harm" (*id.*, quoting N.M.S.A. 1978 § 30-1-12(B)), and that the same statute defines "great bodily harm" as "an injury to the person which creates a high probability of death; or which causes serious disfigurement; or which results in permanent or protracted loss or impairment of the function of any member or organ of the body" (*id.*, quoting N.M.S.A. 1978 § 30-1-12(A)). The Magistrate Judge reasoned that, "[s]ince a conviction for New Mexico armed robbery requires that the defendant be armed with a deadly weapon, . . . this statute requires sufficient physical force to satisfy the definition in *Johnson 2010* of 'force capable of causing physical pain or injury to another person.'" *Id.* The Magistrate Judge rejected Defendant's contention that it is not clear "whether the 'attempt' applies to the underlying element of being 'armed with a deadly weapon,' or to the element of 'theft,' or to the 'use or threatened use of force or violence,' or to all of these" (*id.* at 10, quoting *Doc. 14* at 3). The Magistrate Judge found, instead, that "in order for Defendant to have been convicted of armed robbery under § 30-16-2, he had to have been armed with a deadly weapon while 'commit[ting] robbery'" and, therefore, "a plain reading of the statute shows that Defendant was armed at the time of attempting to commit robbery." *Id.* (quoting N.M.S.A. 1978 § 13-16-2) The Magistrate Judge, therefore, found that Defendant's attempted armed robbery conviction constitutes a violent felony under the force clause of the ACCA.

With regard to defendant's conviction for aggravated battery, the Magistrate Judge applied the modified categorical approach and determined that Defendant was convicted of aggravated battery in violation of § 30-3-5(C), which requires a finding that Defendant engaged in unlawful touching or application of force to a person, with intent to injure that person or another, and either (1) inflicted great bodily harm; (2) used a deadly weapon; or (3) did so in any manner whereby great bodily harm or death could have been inflicted. *See id.* at 12. The Magistrate Judge

applied *Johnson 2010's* definition of "physical force" to this statute, and found that all three alternatives under § 30-3-5(C) satisfy this definition. *See id.* Therefore, the Magistrate Judge rejected Defendant's contention that the language in subsection C is vague in the same way as the ACCA's residual clause, and found that Defendant's conviction for aggravated battery is a proper ACCA-predicate offense. *Id.* at 13.

### Defendant's Objections

Defendant first objects to the Magistrate Judge's finding that his attempted armed robbery conviction satisfies *Johnson 2010's* "physical force" definition. *See* [*Doc. 16* at 4-7]. Defendant contends that the component of being armed while committing robbery "sheds no light on the level of violence required" (*id.* at 5), and that New Mexico jury instructions and cases have held that only a minimal amount of force is necessary to commit New Mexico robbery (*see id.* at 6). Therefore, Defendant contends that "we are left with the bare bones of the name of the offense itself: 'attempted armed robbery,'" and that "[i]t is not clear on this record whether the 'attempt' applies to the underlying element of being 'armed with a deadly weapon,' or to the element of 'theft,' or to the 'use or threatened use of force or violence,' or to all of these." *Id.* at 7 (citing N.M.S.A. 1978 § 30-16-3).

The Court finds that this objection is without merit for the same reasons stated by the Magistrate Judge. The Tenth Circuit's decision in *Harris* and this Court's decision in *Garcia* indicate that New Mexico's third degree robbery likely requires sufficient force under *Johnson 2010* to constitute a violent felony under the ACCA. *See* [*Doc. 15* at 7-9]. Similar to the Colorado Supreme Court case relied on by the Tenth Circuit in *Harris* (*see* 844 F.3d at 1269), the New Mexico Supreme Court in *State v. Bernal*, 2006-NMSC-050, ¶ 28, 140 N.M. 644, 146 P.3d 289, in construing the difference between larceny and robbery in New Mexico, found that, because "robbery generally carries a heavier punishment than larceny, the robbery statute

clearly is designed to protect citizens from violence." *See* [*Doc. 15* at 8]. Therefore, the Court

finds that Defendant's contention that New Mexico robbery does not satisfy the force requirement

of *Johnson 2010* is without merit. Moreover, because this finding does not depend on the element

of being *armed*, the Court finds that Defendant's contention that his being armed does not increase

the level of force required to commit New Mexico robbery does not affect the Court's holding. In

addition, the Court rejects Defendant's contention that it is not clear how the attempt element

applies to his conviction. *See* [*Doc. 16* at 7]. As noted by the Magistrate Judge, Defendant fails

to cite any support for his contention that attempt can apply to the underlying element of being

armed with a deadly weapon, and, regardless, the ACCA's force clause provides that a violent

felony may be one that "has as an element . . . the *attempted* use . . . of physical force against the

person of another." [*Doc. 15* at 10] (quoting § 924(e)(2)(B)(i), emphasis added). Therefore, the

Court finds that Defendant's objections are without merit and shall be overruled.

Next, Defendant objects to the Magistrate Judge's finding that New Mexico aggravated

battery satisfies the ACCA's force clause. *See* [*Doc. 16* at 8-9]. Defendant contends that

aggravated battery does not satisfy the ACCA's force clause because "aggravated battery becomes

a felony when it is done 'in *any manner* whereby great bodily harm or death *can be* inflicted.'"

*Id.* at 8 (quoting N.M.S.A. 1978 § 30-3-5(C)). The Court finds that this contention is without

merit because, as explained by the Magistrate Judge, "the third alternative in subsection C

sufficiently tracks the language in *Johnson 2010* that physical force under the ACCA's force

clause must be '*capable of* causing physical pain or injury to another person' (559 U.S. at 140,

emphasis added), because it requires intent to injure as well as a touching or application of force

that *could* inflict great bodily harm or death." [*Doc. 15* at 12-13] (emphasis added). Therefore,

the Court shall overrule this objection.

**IT IS THEREFORE ORDERED**, for the reasons stated above, that:

1. Defendant's objections to the PF&RD [*Doc. 16*] are **OVERRULED**;

2. The ***Proposed Findings and Recommended Disposition (Doc. 15)*** are **ADOPTED**;

3. Defendant's § 2255 motion [*Doc. 12*] is **DENIED**; and

4. This case shall be **DISMISSED with prejudice**, and a final judgment will be entered concurrently with this order.

**IT IS SO ORDERED.**

_____

**UNITED STATES DISTRICT JUDGE**